FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 31, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS WILLIAM SINCLAIR RICHEY,<br><br>                Plaintiff,<br><br>   v.<br><br>J AIYEKU, L. YOUNG and K. WALKER,<br><br>                Defendants. | NO: 4:18-CV-5095-RMP<br><br>ORDER DISMISSING CASE |

BEFORE THE COURT is Plaintiff's First Amended Complaint, ECF No. 8. Plaintiff, a prisoner at the Washington State Reformatory, is proceeding *pro se*. He paid the $400.00 filing fee to commence this action. ECF No. 4. Defendants have not been served.

On July 31, 2018, the Court found that Plaintiff's only viable claim, interference with his First Amendment right to use derogatory language in a grievance, was already being litigated against Defendant Aiyeku, in cause number 4:16-CV-5047-RMP, and was therefore subject to dismissal without prejudice as

ORDER DISMISSING CASE -- 1

duplicative under *Azia v. Burrows,* 976 F.2d 1158 (9th Cir. 1992). ECF No. 7 at 5-6. Plaintiff's retaliation and grievance processing claims failed to state a claim upon which relief may be granted. ECF No. 7 at 6.

Once again, Plaintiff seeks monetary damages claiming that, between May 2015 and June 2016, Defendants violated his right to petition for redress of grievances (i.e., use abusive and derogatory language in grievances) and his right to be protected from retaliation under the First Amendment. He states that on fifty occasions (25 of which he is already litigating in 4:16-CV-5047-RMP), he sought the investigation of alleged abuse and misconduct through the grievance process, and on each occasion the three named Defendants instructed him to rewrite the grievance to remove language they determined was abusive and derogatory, without explaining which specific language was abusive and derogatory. ECF No. 8 at 5. Plaintiff contends that he consequently requested that the Defendants process the grievances "as is." He alleges that Defendants "retaliated" against him by failing to process the grievances, thus allegedly depriving Plaintiff of the right to petition for redress of grievances.

A Ninth Circuit panel, in an unpublished opinion regarding Plaintiff's litigation in the Western District of Washington on similar grounds, clarified that "in context in *Brodheim* the 'adverse regulatory action' language refers to some additional punitive action or threat of punitive action over and above merely refusing to accept the grievance." *Richey v. Dahne,* ___ Fed. Appx. ___, 2018 WL

ORDER DISMISSING CASE -- 2

1940242, at *6 (9th Cir. Apr. 25, 2018) (quoting *Brodheim v. Cry,* 584 F. 3d 1262, 1270-71 (9th Cir. 2009)). Therefore, Plaintiff's assertion that failing to process grievances constitutes a retaliatory adverse action under *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005), is misplaced. Liberally construing the First Amended Complaint in the light most favorable to Plaintiff, the Court finds that it fails to cure the deficiencies of the initial complaint.

Consequently, for the reasons set forth above and in the Court's prior Order, **IT IS ORDERED** that the complaint is **DISMISSED without prejudice** as duplicative and for failure to state a claim upon which relief may be granted. Because this dismissal is not solely for the reasons enumerated in 28 U.S.C. § 1915(g), and based on this Court's reading of *Washington v. Los Angeles Cty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will **NOT** count as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, enter judgment for Defendants, provide a copy to Plaintiff at his last known address, and **close the file**.

**DATED** October 31, 2018.

                                       *s/ Rosanna Malouf Peterson*
                                      ROSANNA MALOUF PETERSON
                                          United States District Judge