FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 16, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS WILLIAM SINCLAIR RICHEY, | NO:  4:18-CV-5095-RMP |
| Plaintiff, | ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION |
| v. | |
| J AIYEKU, L. YOUNG and K. WALKER, | |
| Defendants. | |

On October 31, 2018, the Court dismissed Plaintiff's First Amended

Complaint as duplicative of 4:16-CV-5047-RMP and because Plaintiff's

allegations regarding the refusal to process his grievances did not state a viable

claim of retaliation.  ECF No. 9.  Judgment was entered, ECF No. 10.

On November 9, 2018, Plaintiff filed a "Motion for Relief from Judgment,"

ECF No. 12.  Because Plaintiff is asking this Court to reconsider an earlier

decision, the Court will liberally construe it as a Motion for Reconsideration.  The

Motion was considered without oral argument on the date signed below.

ORDER DENYING CONTRUED MOTION FOR RECONSIDERATION -- 1

1    A motion for reconsideration may be reviewed under either Federal Rule of

2   Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief

3   from judgment).  *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.

4   1993). "A district court may properly reconsider its decision if it '(1) is presented

5   with newly discovered evidence, (2) committed clear error or the initial decision

6   was manifestly unjust, or (3) if there is an intervening change in controlling law.'"

7   *Smith v. Clark Cnty. Sch. Dist*., 727 F.3d 950, 955 (9th Cir. 2013) (*quoting School*

8   *Dist. No. 1J*, 5 F.3d at 1263).

9        Plaintiff has not alleged that there has been an intervening change of

10  controlling law.  Likewise, he has not offered newly discovered evidence that

11  would justify this Court re-examining the issue.  Thus, the only remaining question

12  is whether the Court should alter its prior ruling in order to correct a clear error or

13  prevent manifest injustice. *Smith*, 727 F.3d at 955.

14       Plaintiff claims this Court's order to dismiss is in direct conflict with the

15  Ninth Circuit decision in *Richey v. Dahne* , 2018 WL 1940242 (9th Cir. Apr. 25,

16  2018).  ECF No. 12 at 1. As explained in the dismissal Order, a Ninth Circuit panel

17  clarified in *Richey v. Dahne*, 2018 WL 1940242, at *6, that "in context in

18  *Brodheim* the 'adverse regulatory action' language refers to some additional

19  punitive action or threat of punitive action over and above merely refusing to

20  accept the grievance." (*quoting Brodheim v. Cry*, 584 F. 3d 1262, 1270−71 (9th

21  Cir. 2009)).  ECF No. 9 at 2-3. Therefore, Plaintiff's assertion that the failure to

ORDER DENYING CONTRUED MOTION FOR RECONSIDERATION -- 2

process his grievances when he did not conform to re-write instructions constitutes a retaliatory adverse action under *Rhodes v. Robinson*, 408 F.3d 559, 567−68 (9th Cir. 2005), is misplaced. Plaintiff did not state a viable retaliation claim.

Plaintiff further contends that because the 25 incidents of Defendants denying him the right to petition because his grievances contained language Defendants considered abusive or derogatory in the current litigation are in addition to the 25 occasions cited in 4:16-CV-5047-RMP, he should be allowed to proceed with the current litigation. Because the only remaining distinction in these two cases is the quantity of claimed incidents and not the substance of Plaintiff's claims, the Court finds the allegations are duplicative. If Plaintiff believes the additional 25 incidents should be added to his current litigation in 4:16-CV-5047-RMP, then he should seek to amend his complaint in that case. The Court will not maintain separate actions by the same Plaintiff against the same Defendant regarding the same substantive claim. *See e.g. Azia v. Burrows,* 976 F.2d 1158 (8th Cir. 1992).

In the absence of new evidence, a change in the controlling law, or clear error, the Court declines to reconsider the previous Order, ECF No. 9. Accordingly, **IT IS ORDERED** that Plaintiff's construed Motion for Reconsideration, **ECF No. 12**, is **DENIED**.

1    **IT IS SO ORDERED.**  The Clerk of Court shall enter this Order and

2  provide a copy to Plaintiff.  The case shall remain **CLOSED**.  The Court certifies

3  that any appeal of this decision would not be taken in good faith.

4         **DATED** January 16, 2019.

5

6                                         *s/ Rosanna Malouf Peterson*
                                         ROSANNA MALOUF PETERSON
7                                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER DENYING CONTRUED MOTION FOR RECONSIDERATION -- 4